# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re:                                                  : Chapter 11
                                                        :
AUTOBACS STRAUSS INC.,                                  : Case No. 09-10358 (CSS)
a Delaware corporation,                                 :
                                                        :
              Debtor.                                   :
                                                        : Re: Docket No. 824
------------------------------------------------------- x
```

## ORDER UNDER 11 U.S.C. §§ 105, 502, 1125, 1126 AND 1128, FED. R. BANKR. P. 2002, 3003, 3017, 3018 AND 3020, AND DEL. BANKR. L.R. 3017-1 (A) DETERMINING ADEQUACY OF DISCLOSURE STATEMENT; (B) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (C) ESTABLISHING DEADLINES AND PROCEDURES FOR (I) FILING OBJECTIONS TO CONFIRMATION OF PLAN, (II) CLAIM OBJECTIONS FOR VOTING PURPOSES, AND (III) TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES; (D) DETERMINING TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT OR DISPUTED CLAIMS FOR NOTICE, VOTING AND DISTRIBUTION PURPOSES; (E) APPROVING (I) SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (II) FORM OF NOTICE OF HEARING ON CONFIRMATION AND RELATED MATTERS, AND (III) FORMS OF BALLOTS; (F) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR TABULATION OF VOTES; AND (G) GRANTING RELATED RELIEF

Upon consideration of the Motion[1] of the above-captioned Debtor for entry of an order approving, among other things, the Debtor's proposed solicitation procedures; and the Debtor having filed with the Court the Joint Plan of Reorganization Proposed by Autobacs Strauss Inc. and the Official Committee of Unsecured Creditors [Docket No. 814] (as may be amended, supplemented or otherwise modified, the "Plan") and the related disclosure statement [Docket No. 815] (as may be amended, supplemented or otherwise modified, the "Disclosure Statement"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and the hearing

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

DB02: 9098323.3

(the "Disclosure Statement Hearing") to consider approval of the Motion and the Disclosure Statement having been commenced on March 4, 2010 at 2:30 p.m. (Eastern Time) and continued on March 10, 2010 at 4:00 p.m., April 14, 2010 at 1:00 p.m. and April 27, 2010 at 10:00 a.m.; and it appearing that notice of the Motion and the Disclosure Statement Hearing was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record of the Disclosure Statement Hearing and this chapter 11 case; and after due deliberation thereon; and good cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED.

2. Approval of the Disclosure Statement. Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

3. Confirmation Hearing Date. The hearing (the "Confirmation Hearing") to consider confirmation of the Plan shall commence on June 21, 2010 at 12:00 noon (Eastern Time) (the "Confirmation Hearing Date"), or as soon thereafter as counsel can be heard, before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor (Courtroom No. 6), Wilmington, Delaware. The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, in an agenda for such hearing or otherwise, without further notice to parties in interest.

4. Deadline and Procedures for Filing Objections to Confirmation. The deadline for filing and serving objections to confirmation of the Plan, including objections to the

proposed assumption or rejection of any unexpired leases or executory contracts pursuant to the terms of the Plan, shall be June 4, 2010 at 4:00 p.m. (Eastern Time) (the "Objection Deadline").

5. In order to be considered, objections, if any, to confirmation of the Plan must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against or in the Debtor, its estate or its property; (d) state with particularity the legal and factual bases for the objection and include, when appropriate, proposed language to be inserted in the Plan to resolve any such objection; (e) be filed, together with proof of service, with the Court and served so as to be actually received on or before the Objection Deadline by the following parties (the "Notice Parties"):

Counsel for the Debtor

M. Blake Cleary, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Counsel for the Committee

Joseph M. Coleman, Esquire
Kane Russell Coleman & Logan PC
1601 Elm Street, Suite 3700
Dallas, Texas 75201

United States Trustee

David L. Buchbinder, Esq.
Office of the United States Trustee
844 King Street, Suite 2207
Lockbox #35
Wilmington, Delaware 19801

6. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of the prior paragraph shall not be considered by the Court and shall be overruled.

7. <u>Deadline for Objections to Claims For Voting Purposes Only</u>. The deadline for the Debtor to file and serve any objections (each, a "<u>Voting Objection</u>") to claims seeking to temporarily allow a claim for purposes of voting on the Plan in a different class or different amount than set forth in the applicable timely filed proof of claim, in the Schedules or in the Ballot, as applicable, shall be May 28, 2010 at 4:00 p.m. (Eastern Time) (the "<u>Voting Objection Deadline</u>"). Such deadline shall not apply to claims objections which may be asserted for purposes other than voting on the Plan.

8. In order to be considered, Voting Objections must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual bases for the Voting Objection; and (d) be filed, together with proof of service, with the Court and served so as to be actually received on or before the Voting Objection Deadline by the Notice Parties. Voting Objections not timely filed and served in accordance with the foregoing provisions shall not be considered by the Court and shall be overruled.

9. <u>Deadline and Procedures for Temporary Allowance of Claims for Voting Purposes</u>. The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan ("<u>Rule 3018(a) Motions</u>") shall be May 28, 2010 at 4:00 p.m. (Eastern Time) (the "<u>Rule 3018(a) Motion Deadline</u>"); <u>provided, however,</u> that a claimant shall not be required to file a Rule 3018(a) Motion in order to have its Ballot counted unless the Debtor has filed an objection to such

claimant's claim with the Court; provided further, however, that Autobacs Seven Co., Ltd. shall not be required to file a Rule 3018(a) Motion in order to have its Ballot counted for purposes of voting on the Plan.

10. In order to be considered, Rule 3018(a) Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the party asserting the Rule 3018(a) Motion; (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion; and (e) be filed, together with proof of service, with the Court and served so as to be actually received on or before the Rule 3018(a) Motion Deadline by the Notice Parties. Rule 3018(a) Motions not timely filed and served in accordance with the foregoing provisions shall not be considered by the Court and shall be overruled.

11. Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the Plan, pending a final determination by the Court. If, and to the extent that, the Debtor and such party are unable to resolve the issues raised by the Rule 3018(a) Motion, such Rule 3018(a) Motion shall be considered by the Court at the Confirmation Hearing, and the Court shall determine whether the provisional Ballot should be counted as a vote on the Plan and, if so, the amount, if any, in which the party filing the Rule 3018(a) Motion shall be entitled to vote.

12. Treatment of Certain Unliquidated, Contingent or Disputed Claims for Notice, Voting and Distribution Purposes. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003(c)(2) and this Court's order [Docket No. 167] (the "Bar Date Order") establishing May 22, 2009 as the bar date for filing proofs of claim, any creditors whose claims (a) are scheduled in the Debtor's schedules of assets and liabilities (as the same

may be amended, the "Schedules") as disputed, contingent or unliquidated and which are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law; or (b) are not scheduled and are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law (the "Non-Voting Claims"), shall be denied treatment as creditors with respect to such claims for purposes of (a) voting on the Plan and (b) receiving distributions under the Plan.

13. <u>Voting Procedures</u>. Pursuant to sections 105(a) and 502(a) of the Bankruptcy Code, in addition to the Non-Voting Claims, any claim (or portion thereof) as to which an objection has been filed before confirmation of the Plan shall be ineligible to vote on the Plan and such claim shall not be counted in determining whether the requirements of section 1126(c) of the Bankruptcy Code have been met with respect to the Plan (i) unless the claim has been temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a) or (ii) except to the extent that the objection to such claim has been resolved in favor of the creditor asserting the claim; <u>provided</u>, <u>however</u>, that the Debtor will disclose in the Voting Certification filed in this case all claim objections filed on or after April 27, 2010 (both identity of claim holder and dollar amount of claim at issue will be listed).

14. For purposes of voting, the amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code shall be: (a) if such claim is not the subject of a timely-filed proof of claim, the amount of such claim that has been scheduled by the Debtor (unless such claim is scheduled at zero or as disputed, contingent or unliquidated); (b) the liquidated amount of such claim specified in a proof of claim that was or is deemed

6

timely filed under applicable law and any applicable orders of the Court and that (i) was not objected to by a party in interest or (ii) if subject to objection, ultimately was allowed by a final order of the Court; or (c) the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a), in accordance with the procedures set forth above regarding Rule 3018(a) Motions.

15. Ballots cast by holders of claims (i) who have timely filed proofs of claim; (ii) whose proofs of claim are filed in unliquidated or unknown amounts; and (iii) whose proofs of claim are not the subject of an objection filed before the Confirmation Hearing, shall be counted in the amount of $1.00, unless temporarily allowed by the Court in another amount for voting purposes pursuant to Bankruptcy Rule 3018(a), in accordance with the procedures set forth above regarding Rule 3018(a) Motions.

16. <u>Record Date</u>. The date of entry of this Order shall be the record date (the "<u>Record Date</u>") for purposes of determining (i) the holders of Claims entitled to receive Solicitation Packages (as defined below) and to vote to accept or reject the Plan, and (ii) the holders of Claims and Interests in the non-voting Classes that shall receive Non-Voting Notices (as defined below). Each holder of a Claim shall only be entitled to vote to accept or reject the Plan in the Allowed amount of such Claim as of the Record Date.

17. <u>Notice and Transmittal of Solicitation Packages Including Ballots and Non-Voting Packages</u>. Within five business days after entry of this Order, the Debtor shall mail or cause to be mailed by first class mail to all of its known creditors, its equity security holder, and all other entities required to be served under Bankruptcy Rules 2002 and 3017, notice of, inter alia, the Confirmation Hearing substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Confirmation Hearing Notice</u>"), which form is hereby approved.

18. In addition, the Debtor shall mail or cause to be mailed by first class mail, within five business days after entry of this Order, to (i) holders of claims in Classes 1 and 2 (who are not entitled to vote because they are unimpaired and deemed to have accepted the Plan), a copy of the Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form attached hereto as Exhibit B-1; and (ii) holders of claims and/or interests in Classes 4, 5 and 6 (who are not entitled to vote and are deemed to have rejected the Plan), a copy of the Notice Of Non-Voting Status With Respect To Impaired Classes, substantially in the form attached hereto as Exhibit B-2 (the "Non-Voting Notices" and, together with the Confirmation Hearing Notice, the "Non-Voting Packages"). The Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form attached hereto as Exhibit B-1, and the Notice Of Non-Voting Status With Respect To Impaired Classes, substantially in the form attached hereto as Exhibit B-2, are hereby approved. Further, the Non-Voting Packages are hereby deemed to constitute an adequate alternative disclosure statement to non-voting classes under 11 U.S.C. § 1125(c) and a summary plan under Bankruptcy Rule 3017(d).

19. The Debtor shall mail or cause to be mailed by first class mail, within five business days after entry of this Order, to holders of claims in Classes 3a, 3b and 3c (who are impaired and entitled to vote on the Plan), an information and solicitation package (the "Solicitation Package") that shall contain a copy or conformed printed version of the following:

    (i)     the Disclosure Statement, including a copy of the Plan as an exhibit;

    (ii)     a copy of the order approving the Disclosure Statement;

    (iii)     a ballot (and a pre-addressed, postage-prepaid return envelope) appropriate for the specific creditor, in substantially the forms of the proposed ballots attached hereto as Exhibits C-1, C-2 and C-3 (as such ballots may be modified for particular classes and with instructions attached thereto, the "Ballots");

(iv) the Confirmation Hearing Notice; and

(v) a letter from the Committee supporting the Plan (the "<u>Committee Support Letter</u>"), in substantially the form attached to the Motion as Exhibit D.

The Disclosure Statement and the order approving the Disclosure Statement may be provided in (a) paper copy or (b) "PDF" format on a CD-ROM, in the Debtor's discretion; all other documents included in the Solicitation Package must be provided in paper copy.

20. The Court approves the Solicitation Package, including the Ballots, for use with respect to the solicitation of votes on the Plan.

21. Creditors asserting duplicate claims in any given class (i) shall receive only one Solicitation Package and one Ballot for voting their claims with respect to that class and (ii) shall be entitled to vote their claim only once with respect to that class.

22. <u>When No Notice or Transmittal Necessary</u>. Notwithstanding any provision of this Order to the contrary, no notice or service of any kind shall be required to be made upon any person to whom the Debtor mailed a notice of the meeting of creditors under section 341 of the Bankruptcy Code or notice of the bar date for filing proofs of claim and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," or "forwarding order expired," or similar marking or reason, unless the Debtor has been informed in writing by such person of that person's new address.

23. <u>Publication Notice</u>. The Debtor shall publish the Confirmation Hearing Notice (substantially in the form attached hereto as <u>Exhibit A</u>) once within ten (10) business days after entry of this Order in the national edition of <u>The Wall Street Journal</u>.

24. <u>Voting Deadline for Receipt of Ballots</u>. To be counted, Ballots for accepting or rejecting the Plan must be received by the Voting Agent by 5:00 p.m. (Eastern Time)

on June 4, 2010 (the "Voting Deadline"). The Plan Proponents hereby are authorized to extend, by oral or written notice to the Voting Agent, the period of time during which Ballots shall be accepted for any reason from any creditor or class of creditor; provided, however, that any instance in which the Voting Deadline is extended shall be listed in the Voting Certification filed by the Voting Agent.

25. Procedures for Vote Tabulation - Votes Counted. Any Ballot that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The failure of a holder of a claim in Classes 3a, 3b or 3c to timely deliver a properly executed Ballot shall be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention shall not be counted as a vote for or against the Plan.

26. Votes Not Counted. Unless otherwise ordered by the Court after notice and a hearing, the following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

- (i) Any Ballot received after the Voting Deadline (unless extended by the Plan Proponents as provided herein);
- (ii) Any Ballot that is sent by facsimile, email or other electronic means; that is illegible; or that contains insufficient information to permit the identification of the claimant;
- (iii) Any Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance and rejection, of the Plan;
- (iv) Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;
- (v) Any Ballot that does not contain an original signature;
- (vi) Any form of ballot other than the official form sent by the Voting Agent, or a copy thereof;

(vii) Any Ballot that casts part of its vote in the same class to accept the Plan and part to reject the Plan; or

(viii) Any Ballot received that the Voting Agent cannot match to an existing database record.

27. <u>Withdrawal of Vote</u>. Any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw, subject to the Debtor's right to contest the validity of any such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline; <u>provided, however</u>, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification filed by the Voting Agent. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn and (d) be received by the Voting Agent prior to the Voting Deadline; <u>provided, however</u>, that the Debtor may waive the foregoing requirements in its discretion.

28. <u>Changing Votes</u>. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim(s) prior to the Voting Deadline, the Ballot dated latest but received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots, without prejudice to the Debtor's right to object to the validity of the later Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a) and, if the objection is sustained, to count the first Ballot for all purposes; <u>provided, however</u>, that any instance in which a vote is changed by the filing of a superseding Ballot shall be listed in the Voting Certification filed by the Voting Agent.

29. <u>No Division of Claims or Votes</u>. Each creditor who votes must vote the full amount of each claim voted either to accept or reject the Plan; and each creditor who votes and holds multiple claims within a particular class must vote all such claims either to accept or reject the Plan. The Ballots of creditors failing to vote in the manner specified in this paragraph shall not be counted for any purpose.

30. <u>Classes Deemed to Reject</u>. The holders of Class 4 Intercompany Claims, Class 5 Old Equity Interests and Class 6 Subordinated Claims shall be deemed to have rejected the Plan, and the Debtor is not required to solicit votes on the Plan from such holders.

31. <u>Service and notice adequate and sufficient</u>. Service of all notices and documents described herein in the time and manner as set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

32. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order

Dated: Wilmington, Delaware
April 27, 2010

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge